UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARGARET JAYNE KINNETT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STRAYER EDUCATION, INC., ROBERT S. SILBERMAN, MARK C. BROWN, and KARL MCDONNELL,<br><br>　　　　　　Defendants. | ) No. 8:10-cv-02317-SDM-MAP<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| LOUIS LEKUS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STRAYER EDUCATION, INC., ROBERT S. SILBERMAN, MARK C. BROWN, and KARL MCDONNELL,<br><br>　　　　　　Defendants. | ) No. 8:10-cv-02728-RAL-AEP<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION AND MEMORANDUM OF LAW OF ALASKA ELECTRICAL PENSION FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

## I. PRELIMINARY STATEMENT

Presently pending before this Court are two securities class action lawsuits (the "Actions") brought on behalf of purchasers of the common stock of Strayer Education, Inc. ("Strayer" or the "Company"), between November 1, 2007 and October 13, 2010, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Proposed lead plaintiff, Alaska Electrical Pension Fund ("AEPF"), hereby moves this Court for an Order: (i) consolidating the related Actions pending in this District against Strayer and certain of its officers and directors pursuant to Local Rule 1.04(b) and Federal Rule of Civil Procedure 42(a); (ii) appointing AEPF as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving AEPF's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.[1]

This motion is made on the grounds that the Actions pending in this District involve common questions of law and fact, rendering consolidation appropriate. Further, AEPF is

---

[1] Counsel for AEPF is aware of the directive in Local Rule 3.01(g) requiring that the moving party confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. However, the lead plaintiff appointment process set up by the PSLRA, as described herein, makes this practice impossible. While all potential parties to the action should be aware of the filing date, counsel for AEPF cannot determine who else may move for appointment as Lead Plaintiff at this time. Accordingly, counsel for AEPF requests leave from the meet and confer requirement of Local Rule 3.01(g) with respect to the filing of this motion.

the most adequate plaintiff, as defined by the PSLRA, because it possesses the largest known financial interest in these Actions. *See* Wilens Decl., Ex. B.[2] Additionally, AEPF also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND

Strayer is a for-profit post-secondary education services corporation that offers undergraduate and graduate degree programs in business administration, accounting, information technology, education, healthcare, public administration and criminal justice at 78 physical campuses in Alabama, Arkansas, Delaware, Florida, Georgia, Kentucky, Louisiana, Maryland, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, West Virginia, and Washington D.C.

The Complaint alleges that, throughout the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, defendants failed to disclose that: (i) the Company had engaged in improper and deceptive recruiting and financial aid lending practices and, due to the government's scrutiny into the for-profit education sector, the Company would be unable to continue these practices in the future; (ii) the Company failed to maintain proper internal controls; (iii)

---

[2]    References to the "Wilens Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Douglas Wilens in Support of Motion of Alaska Electrical Pension Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated December 14, 2010, and submitted herewith.

many of the Company's programs were in jeopardy of losing their eligibility for federal financial aid; and (iv) as a result of the foregoing, defendants' statements regarding the Company's financial performance and expected earnings were false and misleading and lacked a reasonable basis when made.

Significantly, the U.S. Department of Education proposed new regulations for programs, such as those run by Strayer, to continue to be eligible to receive federal financial aid. The tests for eligibility would be based on repayment rates and debt-to-income loads. Under the proposed "gainful employment" regulations, programs would need to have a repayment rate of at least 45% to continue to be eligible for federal financial aid. These regulations, if adopted, will go into effect in July 2011.

On August 13, 2010, after the market closed, the U.S. Department of Education released data on federal student-loan repayment rates at the nation's colleges and universities. The data showed that repayment rates were 54% at public colleges and 56% at private non-profit institutions, compared to just 36% at for-profit colleges. Specifically, the data showed that the repayment rates at Strayer were just 25%. On this news, the price of the Strayer stock dropped over 18%, or $36.75 per share, from a closing price of $200.01 per share on August 13, 2010 to a closing price of $163.26 per share on August 16, 2010, the following trading day, on a 482% increase in trading volume.

On October 13, 2010, the last day of the Class Period, Strayer stock fell another 13% after another for-profit education company, The Apollo Group, announced a big drop in its enrollment numbers after the market closed. The stock of Strayer, together with that of Apollo and many other for-profit education companies, fell on October 14, 2010 because the

market perceived a similar drop in enrollment was in Strayer's future. On October 28, 2010, the other shoe dropped and Strayer announced its anticipated lower enrollment figures.

### III. ARGUMENT

#### A. The Related Actions Pending in this District Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see Grand Lodge of P.A. v. Peters*, 2007 WL 1812641, at *1 (M.D. Fla. June 22, 2007) (recognizing that "[t]he PSLRA requires that the Court consolidate the actions, if warranted, before determining lead plaintiff.").[3]

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). At present, there are two securities class actions pending in this District against Strayer and certain of its officers and directors: (1) *Kinnett v. Strayer Education, Inc., et. al.*, No. 10-cv-2317-SDM-MAP, filed October 15, 2010; and (2) *Lekus v. Strayer Education, Inc., et. al.*, No. 10-cv-2728-RAL-AEP, filed December 7, 2010.[4] These Actions, despite alleging different, yet overlapping, class periods, present identical factual and legal issues, assert identical claims

---

[3]   Unless otherwise noted, all emphasis is added and citations omitted.

[4]   The *Lekus* action is pending before Judge Richard A. Lazzara. Pursuant to Local Rule 1.04(b), whenever two cases are concurrently pending before different judges of the Court, and such cases involve common questions of law or fact, the judges involved shall determine whether the *most recently filed case* should be reassigned to the judge to whom the "low numbered" case has been assigned. *See Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1312-13 (M.D. Fla. 2000).

under the securities laws, and name the same defendants. *See Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1299 n.2 (M.D. Fla. 2000) (noting that although each action proposes a different class period, "[t]he exact class period will be resolved with the District Court certifies the class."). Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *Grand Lodge of P.A.*, 2007 WL 1812641, at *1.

### B.    AEPF Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Here, notice was published on *Business Wire*, a national, business-oriented newswire service, on October 15, 2010. *See* Wilens Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff

the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *2 (M.D. Fla. Jan. 18, 2007).

### 2.   AEPF Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a.   AEPF Has Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed Lead Plaintiff herein under the PSLRA expires on December 14, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 15, 2010), AEPF timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

A representative of AEPF has duly signed and filed a certification stating that AEPF is willing to serve as a representative party on behalf of the class. *See* Wilens Decl., Ex. C. In addition, AEPF has selected and retained competent counsel to represent it and the class. *See* Wilens Decl., Ex. D. Accordingly, AEPF has satisfied the individual requirements of the

PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. AEPF Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Wilens Decl., Ex. C, AEPF purchased Strayer common stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, AEPF incurred a substantial $675,138 loss on its transactions in Strayer securities. Wilens Decl., Ex. B. AEPF has the largest known interest in the Actions.

### c. AEPF Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Of Rule 23(a)'s four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Fed. R. Civ. P. 23(a)(3) & (4). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Grand Lodge of Pa.*, 2007 WL 1812641, at *1 n.7. AEPF satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). The requirement of typicality is

satisfied where the representative's claims share the same essential characteristics as the claims of the class at large. *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 260811, at *2 n.2 (M.D. Fla. July 1, 2008).

AEPF satisfies this requirement because, just like all other class members, it: (1) purchased Strayer common stock during the Class Period; (2) purchased Strayer common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, AEPF's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of AEPF to represent the class to the existence of any conflicts between the interests of AEPF and the members of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and (bb). "The determination of fair and adequate representation rests on two bases: (1) common interests between a representative and the class and, (2) a willingness and ability to vigorously prosecute the action." *Piven*, 137 F. Supp. 2d at 1302.

Here, AEPF is an adequate representative of the class. As evidenced by the injuries suffered by AEPF, which purchased Strayer common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of AEPF are clearly aligned with the members of the class, and there is no evidence of any antagonism between AEPF's interests and those of the other members of the class. Further, AEPF has taken significant steps which demonstrate that they will protect the interests of the class: it

has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, AEPF's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Moreover, AEPF, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

Accordingly, AEPF *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve AEPF's Selection of Robbins Geller as Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, AEPF has selected Robbins Geller as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions. Additionally, Robbins Geller (in one form or another) has been appointed Lead Counsel several times in cases in this District. *See Grand Lodge of Pa.*, 2007 WL 1812641, at *2 (approving of selection of predecessor of Robbins Geller); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *4 (M.D. Fla. Jan. 18, 2007) (same);

*Hauffman et. al. v. AuthenTec, Inc. et. al.*, Slip Op. No. 08-cv-1741-JA-DAB (M.D. Fla. Dec. 24, 2008) (same).

Accordingly, the Court should approve AEPF's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, AEPF respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a) and Local Rule 1.04(b); (ii) appoint AEPF as Lead Plaintiff in the Action; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

Dated:  December 14, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID J. GEORGE
Florida Bar No. 0898570
DOUGLAS WILENS
Florida Bar No. 0079987
ROBERT J. ROBBINS
Florida Bar No. 0572233
SABRINA E. TIRABASSI
Florida Bar No. 0025521


                s/ Douglas Wilens
DOUGLAS WILENS

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
dgeorge@rgrdlaw.com
dwilens@rgrdlaw.com
rrobbins@rgrdlaw.com
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jgrant@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. HALL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dhall@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

s/ Douglas Wilens
DOUGLAS WILENS
