UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET JAYNE KINNETT,

    Plaintiff,

v.                                   CASE NO.: 8:10-cv-2317-T-23MAP

STRAYER EDUCATION, INC.,
ROBERT S. SILBERMAN, MARK C.
BROWN, and KARL McDONNELL,

    Defendants.
_____/

## ORDER

The plaintiff sues (Doc. 1) under the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4, and alleges a violation of both Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 resulting from purportedly misleading and materially false statements about the defendants' business and financial condition. The Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") moves (Docs. 15, 16) for an order (1) consolidating this action with a related action (Case No. 8:10-cv-2728-T-23AEP); (2) appointing Oklahoma Firefighters as the lead plaintiff; and (3) appointing Bernstein Liebhard, LLP, as lead counsel and Barker Rodems & Cook, P.A., as liaison counsel for the class. The Alaska Electrical Pension Fund ("Alaska Electrical") also moves (Doc. 18) for consolidation, appointment as lead plaintiff, and appointment of lead counsel. Oklahoma Firefighters opposes (Doc. 25) Alaska Electrical's motion. Although Alaska Electrical initially opposed (Doc. 27)

Oklahoma Firefighters' motion, Alaska Electrical subsequently withdrew (Doc. 38) the memorandum in opposition.

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the plaintiff who (1) either files the complaint or moves for appointment, (2) possesses the largest financial interest in the relief sought by the class, and (3) otherwise satisfies each requirement of Rule 23, Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). A member of the putative class may rebut the presumption with proof that the "most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The "most adequate plaintiff," absent a reasonable basis for doubt, need not present evidence that the plaintiff satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iv); Piven v. Sykes Enter., Inc., 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (Lazzara, J.). The "most adequate plaintiff" may select and retain counsel subject to approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

In creating the procedural component of the PSLRA, Congress intended to "increase the likelihood that institutional investors—parties more likely to balance the interests of the class with the long-term interests of the company—would serve as lead plaintiffs." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007). "Congress reasoned that such large investors would have an incentive to actively monitor the conduct of their attorneys and ensure that members of the class were well

represented." <u>Plumbers and Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.</u>, 2008 WL 2608111, *1 (M.D. Fla. 2008) (Fawsett, J.).

In this instance, Oklahoma Firefighters claims $1,241,186 in damages resulting from the defendants' alleged securities law violation (Alaska Electrical claims $675,138 in damages). Because Alaska Electrical withdraws opposition to Oklahoma Firefighters' motion, no dispute remains as to Oklahoma Firefighters' greater financial stake in the outcome of the litigation. Oklahoma Firefighters moves for appointment in accord with Section 78u-4(a)(3)(B)(iii) and appears to otherwise satisfy the requirements of Rule 23. Oklahoma Firefighters' claim is typical of the class and Oklahoma Firefighters appears capable of adequately representing the best interest of the class. Furthermore, Oklahoma Firefighters' selection of both Bernstein Liebhard and Barker Rodems as the proposed lead counsel and liaison counsel accords with the best interest of the class. The attorneys with Bernstein Liebhard possess (Doc. 17-4) extensive experience in representing institutional and individual investors in securities litigation. Barker Rodems also employs (Doc. 17-5) attorneys with experience in class action and consumer litigation.

Accordingly, Oklahoma Firefighters' motion (Doc. 15) is **GRANTED**, and Alaska Electrical's motion (Doc. 18) is **DENIED AS MOOT**. Because this action and the related action involve (1) the same parties and (2) common questions of fact and law and because consolidation promotes the efficient administration of justice,[*] the two actions

---

[*] Rule 42 aims to "'avoid unnecessary costs of delay,' and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." <u>Gentry v. Smith</u>, 487 F.2d 571, 581 (5th Cir. 1973) (quoting Rule 42(a), Federal Rules of Civil Procedure);

(continued...)

are **CONSOLIDATED**.  The Clerk is directed to (1) consolidate Case No. 8:10-cv-2728-T-23AEP with this action and (2) designate Magistrate Judge Mark A. Pizzo as the magistrate judge assigned to the later-filed action.  The Oklahoma Firefighters Pension and Retirement System is **APPOINTED** as lead plaintiff; Bernstein Liebhard, LLP, is **APPOINTED** as lead counsel; and Barker, Rodems & Cook, P.A., is **APPOINTED** as liaison counsel for the class.  Oklahoma Firefighters shall file a consolidated complaint no later than **forty-five (45)** days after this order.

      ORDERED in Tampa, Florida, on January 31, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*](...continued)
Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 (11th Cir. 1995) (finding that "[d]istrict court judges in this circuit 'have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion[.]'"") (quoting Gentry)).

- 4 -